UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
:
BEMATECH HOLDINGS LLC, :
:
                   Plaintiff, :    Case No. 22 Civ. 7873 (JMF)
:
     -against- :
:    **STIPULATED**
TOTVS LARGE ENTERPRISE TECNOLOGIA S.A. :   **CONFIDENTIALITY AND**
f/k/a BEMATECH S.A. and TOTVS S.A., :   ~~[PROPOSED]~~ **PROTECTIVE**
:    **ORDER**
                   Defendants. :
:
:
TOTVS LARGE ENTERPRISE TECNOLOGIA S.A. :
f/k/a BEMATECH S.A. and TOTVS S.A., :
:
                 Third-Party Plaintiffs, :
:
     -against- :
:
BEMATECH INTERNATIONAL CORP., :
:
                 Third-Party Defendant. :
------------------------------------------------X

      **IT IS HEREBY STIPULATED AND AGREED**, by and among Plaintiff Bematech Holdings LLC, Defendants/Third-Party Plaintiffs TOTVS Large Enterprise Tecnologia S.A. f/k/a Bematech S.A. ("Seller") and TOTVS S.A; and Third-Party Defendant Bematech International Corp. (each a "Party," and collectively, the "Parties"), through their respective undersigned counsel, that the following terms and conditions of this Stipulated Confidentiality and Protective Order (the "Order") shall govern the handling of documents, things, depositions, deposition exhibits, written discovery responses, testimony, portions of any of these things, and any other information produced, given, or exchanged between or among any Parties to this action and any other Party or non-parties in this action (collectively, the "Materials").

This Order does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential information under seal.

**Confidential Material**

1. Any Party that produces documents or information, or provides testimony in this action, may designate as "Confidential" and subject to this Order any Material: (a) which contains or reflects trade secrets or proprietary information or data; (b) contains information which is subject to contractual non-disclosure obligations or otherwise subject to non-disclosure by law; or (c) that the producing Party otherwise believes in good faith to be entitled to protection under the Federal Rules of Civil Procedure or other applicable Federal law, rule, or statute (collectively, the "Confidential Material"). Any "Confidential" designation will be fully applicable to any information contained in or derived from any Material so designated.

2. The producing Party may designate documents as "Confidential" and therefore subject to protection under this Order by stamping or placing the words "CONFIDENTIAL" on all pages of the document, at or prior to the time of production, in a manner that does not interfere with the legibility of the document. Any "Confidential" designation that is inadvertently omitted subsequent to the Court's Order may be corrected by written notification to opposing counsel.

3. Any transcribed testimony may be designated as "Confidential" within thirty (30) days following receipt by the designating Party or Non-Party of a transcript thereof, and any testimony so designated shall be treated as Confidential Material under the terms of this Order. Prior to the conclusion of such thirty-day period, all transcripts and the information contained therein will be deemed to be Confidential in their entirety under the terms of this Order.

4. Confidential Material may be used only for purposes of this litigation and shall not be used for any other purpose, provided that nothing herein limits any use a Party may make of its own Confidential Material. Confidential Material shall not be disclosed to anyone other than those listed in Paragraph 5 of this Order, unless the receiving Party obtains prior written agreement form the producing Party or this Court orders otherwise.

5. Confidential Material may only be disclosed to the following individuals and, where applicable, under the following conditions:

   a. The Parties to this litigation and their counsel of record, outside counsel, and in-house counsel;

   b. The members, officers, directors, employees, representatives, advisers, or agents of the Parties or the Parties' parents or affiliates who are actively engaged in assisting counsel with the action;

   c. The retained experts or consultants of the Parties to this litigation, provided that prior to disclosure, the expert or consultant must execute an "Agreement to be Bound by Stipulated Confidentiality and Protective Order" in the form attached hereto as Exhibit A;

   d. This Court and this Court's personnel, as well as any appellate court of competent jurisdiction and such appellate court's personnel;

   e. Any mediator or arbitrator engaged by the Parties or assigned by the Court;

   f. To the extent disclosure is not authorized under another subparagraph, witnesses and potential witnesses who have been noticed or subpoenaed for testimony (including deposition testimony), provided there is a reasonable basis to believe that the witnesses or potential witnesses may give relevant

testimony regarding the Confidential Materials and provided that such persons execute an "Agreement to be Bound by Stipulated Confidentiality and Protective Order" in the form attached hereto as Exhibit A;

g. The Parties' in-house personnel, law firm personnel for counsel of record, or vendors retained by the Parties to this litigation to assist in preparing or cataloging discovery, for trial, and/or for hearings including, without limitation, court reporters, litigation support personnel, jury consultants, data retrieval and storage vendors, and demonstrative and audiovisual aid companies; and

h. Other persons only after notice to all parties and upon order of the Court, or upon written consent of the Parties.

6. Nothing contained in this Order shall be construed to restrict the use or disclosure of Confidential Material at trial or as exhibits during depositions. Further, nothing herein shall be construed to limit any Party's ability to object to the admissibility of Confidential Material at trial for any reason. In addition, nothing contained in this Order shall be construed to restrict the use of Confidential Material to litigate this case by making statements and arguments in motions filed with the Court, so long as Confidential Material itself is not revealed in publicly filed motion papers or the exhibits thereto, or in a manner which otherwise contravenes the provisions of this Order.

7. If any Party seeks to file another Party's or non-party's Confidential Material with the Court, they shall appropriately redact or seek to file such documents under seal unless otherwise ordered by the Court.

8. If counsel for a Party objects to another Party's "Confidential" designation in whole or in part, counsel shall serve on the designating Party's counsel a written objection describing with particularity the ground for objection. Counsel for the designating Party shall respond to the objection in writing within fourteen (14) days, and state with particularity the grounds in support of the designation and how/why it is appropriate for the information at hand. If the designating Party does not timely respond to the objection, the objection stands and the challenged designation is deemed void. If a timely written response is made to the objection, counsel shall confer in good faith within ten (10) days in an effort to resolve the dispute. If the dispute cannot be resolved, the proponent of the challenged designation shall present the dispute to this Court. If a motion for protective order is brought, the challenged Material shall be treated as Confidential Material and subject to this Order until the matter has been resolved by agreement of counsel or by the Court. The Parties may, by written agreement, amend the deadlines set forth in this paragraph.

9. Inadvertent failure to designate information or material, including deposition transcripts, as "Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such material as "Confidential," in which event the designating party shall, at its own expense, provide new copies of the newly designated materials to the receiving parties. Subject to paragraph 8 (objection to Confidential designation), the parties receiving such supplemental written notice shall thereafter treat the information and materials so designated as "Confidential," and such information or materials shall be fully subject to this Order as if they had been initially so designated. When information or material is subsequently designated as "Confidential," all receiving Parties shall in good faith assist the producing Party in retrieving such material from all persons to whom they provided such material

before it was designated as "Confidential," but who as a result of that subsequent designation are not entitled to possess such material under the terms of this Order, and shall make reasonable efforts to prevent further disclosures except as authorized under the terms of this Order.

10. If any Party or counsel learns that, by inadvertence or otherwise, Confidential Material has been disclosed to anyone under any circumstance not authorized by this Order, that person must immediately: (1) notify the designating Party by telephone and email; (2) use its best efforts to retrieve all unauthorized copies of the Confidential Materials; (3) inform the person to whom the unauthorized disclosures were made of all of the terms of this Order; and (4) request that such person abide by the conditions of this Order.

**Privileged Information**

11. Pursuant to Fed. R. Evid. 502 and other applicable rules, the inadvertent production or disclosure of documents, electronically stored information ("ESI") or other Material subject to the attorney-client privilege, work product doctrine, consulting expert exemptions, or any other privilege or immunity ("Privileged Information") shall not constitute a waiver of any applicable privilege or protection from discovery in this action or in any other federal or state proceeding.

12. Upon the request of the producing Party, the inadvertently produced or disclosed Material, including all copies, excerpts, notes and other materials containing or summarizing information derived therefrom, shall be returned immediately to the producing Party's attorneys or, in the case of attorney work product, destroyed.

13. Further, it is agreed:
   a. Upon discovery by a producing Party that it did or may have produced Privileged Information, the producing Party shall, within ten (10) days of

learning of such inadvertent production, request the return of such Privileged Information by sending a written notification ("Clawback Letter") to the receiving Party. The Clawback Letter shall (i) identify the documents or ESI in question by Bates number or otherwise; and (ii) identify the bases on which the privileged information should have been withheld from production. The requirements in this paragraph apply equally to instances in which a producing Party discovers during a deposition that it did or may have produced Privileged Information. For purposes of this protocol, "discovery" shall mean "actual notice"; production of Privileged Information alone is insufficient to constitute actual notice.

b. Upon receipt of a Clawback Letter, the receiving Party shall promptly return, destroy or delete all documents or ESI containing Privileged Information identified in the letter, and all reproductions or summaries thereof regardless of whether the receiving Party plans to challenge the claim of privilege. The receiving Party shall follow these procedures regardless of whether a document is comprised fully or partially of Privileged Information. The producing Party shall, within twenty (20) business days of the date of the Clawback Letter, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.

c. If a receiving Party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the producing Party and provide the basis for disputing the privilege claim in writing. The producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is

7

resolved. Thereafter, the Parties shall meet and confer in a good faith attempt to resolve the dispute.

d. In the event that the Parties do not resolve their dispute, the producing Party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the producing Party shall submit to the Court, under seal and for in camera review, a copy of the disputed Privileged Information in connection with its motion papers. This in camera submission to the Court shall not constitute a waiver of any privilege or protection. Any motion to determine whether a privilege applies shall be filed no later than fifteen (15) days after the Parties meet and confer.

e. Except as expressly set forth herein, nothing in this section, or elsewhere in this stipulation, shall limit the bases on which a receiving Party may challenge the assertion of any privilege or protection by the Producing Party.

f. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

g. Nothing herein shall prevent the receiving Party from challenging the propriety of the Privileged Information designation by submitting a written challenge to the Court, but such a challenge does not relieve a receiving Party of its obligation to return or delete materials pursuant to sub-part (b) above, and the receiving Party shall not assert as a basis for the challenge the fact or circumstances of the prior production of those materials. If the receiving Party

8

submits such a challenge to the Court, the producing Party must promptly present the material to the Court under seal for a determination of the claim.

h. The receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this Paragraph for any purpose until the matter is resolved by agreement of the Parties or by the Court.

i. In addition to any other obligation to preserve documents, the producing Party must preserve any documents recalled under this Paragraph for the duration of this litigation.

**Other Matters**

14. This Order does not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Order is entered without prejudice to the right of any Party to move the court for modification of or relief from any of its terms.

15. Any person subject to this Order (including any of the Parties) who in another proceeding becomes subject to a subpoena or motion to disclose another Party's information designated Confidential pursuant to this Order shall promptly notify that Party so that Party may have an opportunity to appear and be heard in the other proceeding. Such notice must be in writing and shall include a copy of the subpoena or motion. The designating Party shall be solely responsible for asserting any objection and/or obtaining a court order relating to the requested production and/or disclosure.

16. Within 30 days of the final disposition of this action, including any appeal, all Confidential Material, and copies or reproductions thereof, shall be promptly returned to the producing person or destroyed. The Parties' outside counsel may retain one copy of all

pleadings, motions, memoranda, and other work product that contains or attaches Confidential Material, and such one copy must be maintained and kept in accordance with the terms of this Order.

17. The parties agree to be bound by the terms of this Order pending its entry by the Court. This Order shall survive the final termination of the case and remains in full force and effect unless modified by court order or by written stipulation of the Parties.

18. The Parties agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order.

Dated: New York, New York
February 9, 2024

| /s/ Christopher Shields<br>Christopher Shields<br>Anna Lea Setz<br>SULLIVAN & WORCESTER LLP<br>1633 Broadway, 32nd Floor<br>New York, New York 10019<br>Tel.: (212) 660-3000<br>cshields@sullivanlaw.com<br><br>*Attorneys for Plaintiff Bematech Holdings LLC and Third-Party Defendant Bematech International Corp.* | /s/ Matthew DeFrancesco<br>Christina H. Bost Seaton<br>Matthew DeFrancesco<br>Pierson Ferdinand LLP<br>1270 Avenue of the Americas, 7th Floor<br>Tel.: (914) 299-1139<br>christina.bostseaton@pierferd.com<br>matthew.defrancesco@pierferd.com<br><br>*Attorneys for Defendants/Third-Party Plaintiffs TOTVS Large Enterprise Tecnologia S.A. and TOTVS S.A* |
|---|---|

Dated: New York, New York
    February 12, 2024

SO ORDERED

_____
Hon. Jesse M. Furman

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." S*ee generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
: 
BEMATECH HOLDINGS LLC, :
: Case No. 22 Civ. 7873 (JMF)
                Plaintiff, :
:
  -against- :
:
TOTVS LARGE ENTERPRISE TECNOLOGIA S.A. :
f/k/a BEMATECH S.A. and TOTVS S.A., :
:
                Defendants. :
:
:
TOTVS LARGE ENTERPRISE TECNOLOGIA S.A. :
f/k/a BEMATECH S.A. and TOTVS S.A., :
:
                Third-Party Plaintiffs, :
:
  -against- :
:
BEMATECH INTERNATIONAL CORP., :
:
               Third-Party Defendant. :
------------------------------------------------X

**Agreement to be Bound by Stipulated Confidentiality and Protective Order**

      I certify that I have carefully read the Stipulated Confidentiality and Protective Order in the above-captioned civil action (the "Order") and that I fully understand the terms of the Order. I recognize that I am bound by the terms of the Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of New York for any proceedings involving the enforcement of the Order.

Signature: _____

Name: _____

Affiliation: _____

Date: _____